Smith, J.
The admitted facts in this case are these:
Joseph Davis, Sr., of Clermont county, died on May, 1867, owning a farm in said county, and leaving a widow, Mary Ann Davis, and six children, viz., Joseph, Jeremiah, George W., Hester, Emaline and Isaac. The father left a will by which he devised his farm to his widow for life, and on her death it was to go equally to his six children. That Mrs. Davis under the will held the possession thereof until her death, July 24, 1879, except that in 1877, she made a conveyance to the Cincinnati and Eastern Railway Company of a strip of land through the same, for the purpose of 8 railroad, which strip was two thousand and seventy-nine feet long, and about forty feet wide, and contained about one and ninety-one hundredth acres, and said company constructed its railroad thereon and used the same until the defendant railroad company acquired its rights, and since that time it has been in possession thereof and using it as its railroad track.
On the death of Mrs. DaviB, in 1879, the six children became the owners of the land and of this strip, and without *590 any grant from them, and as the petition alleges, against their protest and without any right to do so, and without paying therefor, continued to use said strip for its railroad, and as an integral part thereof.
In September, 1879, after the death of the mother, the six children by deeds of quit claim, undertook to partition the farm among themselves, and did so. Joseph Davis, one of the plaintiffs, received from the other heirs two parcels thereof, one of twenty-five and sixty-five hundredths acres, and the other of fourteen and one-half acres. The strip in question ran through these two tracts, but in January, 1881, Joseph Davis conveyed the small tract to a Mr. Barron, and in 1898, conveyed the other tract to his wife- — ■ so that when this suit was commenced by him and others, on January 17, 1899, he was not the owner of any part of his father’s land. George J. Davis, Hester and Emaline, three of said children and plaintiffs in this case, severally received from the other children, deeds for parcels thereof, but Baid strip did not pass through their parcels, and at the commencement of this suit, neither of them was the owner of any part of the land over which the railroad track ran. Two other of said children, viz., Jeremiah and Isaac, received conveyances for separate tracts, and the strip of ground in question was part of each, but in December, 1898, Isaac Davis, by deed, conveyed to the defendant company, the right of way over said strip so far as it was on his land, being six hundred and twelve feet long and forty feet wide. So that on the commencement of this suit by the five children of Joseph Davis, deceased, Isaac, not being a party, Jeremiah was the only one of them who was the owner of any part of the ground occupied by the right of way of defendant company.
On the 17th day of January, 1899, this action was commenced by five of the children of said Joseph Davis, deceased, against the defendant company (Isaac Davis not being a party thereto, he having before that time conveyed to the company his interest in the part used by the company), setting out the fact of the ownership of the land by their father at the time of his death in M!ay, 1867, and the devise thereof to the mother for life, and the remainder to the children equally, and that the mother held the same until her death in July, 1879. That during her life Mrs. *591 Davis had conveyed to the Cincinnati & Eastern Railway Company this strip of land for its right of way, and that on her death the six heirs became entitled to the land, and that one of them, Isaac, had conveyed his interest in said strip to the defendant company.. That since the death of their mother the defendant company, without any grant or conveyance from or yvithout any agreement with plaintiffs, and without their consent, and against their wish and protest, and without any legal or equitable title, and without payment therefor, had taken possession of said strip, and since 187-- has used the same and still uses it as an integral part of its right of way and for a permanent railway without pay or condemnation proceeding.. That payment therefor has been demanded and refused.
Thereupon they tender due conveyance for said right of way, and ask judgment for SI,000, with six per cent, interest from July 24. 1879, and all proper relief.
To this petition a general demurrer was interposed by the defendant, on two grounds — First: That the petition shows that the action was barred at the time it was commenced by the statute of limitations of ten years, and, Second: That it did not aver that the plaintiffs were the owners of any part of the land, covered by the right of way, at the commencement of the action. This demurrer was overruled and the defendant excepted.
An answer was then filed, setting up that the action was barred by said statute of limitations, and that at the commencement of the action, no one of the plaintiffs, exeept Jeremiah Davis, had any interest in the land covered by the right of way, and they were not the owners of the sama
A demurrer was interposed to each of these two several defenses, and the demurrer sustained, to which action of the court, the defendant eompany excepted. The case then went to trial on the general denial interposed by the defendant, and resulted in a general verdict for the plaintiffs jointly. At the trial the defendant sought to prove its averment that no one of the plaintiffs but Jeremiah, had any interest in the land covered by the right of way when the action was commenced, but was not allowed to do so, and exception was taken, A motion for a new trial was duly filed and overruled and exception again taken, and a MU ef exceptions allowed containing af oí the evidence, *592 and it is claimed that the court erred in all of these rulings excepted to,
The first question for consideration is, whether on th9 allegations of the petition, or on the evidence as submitted, the action was barred by the statute of limitations.
The claim of the defendant company that it is so barred, we understand to be conclusively settled ggainst it by the decision of the supreme court in the case of Fries v. The Railroad Company, 56 Ohio St., 135, where it was held that in an action brought to recover compensation for the taking of land by a railroad company for its right of way, by the person aggrieved, who however acquiesces in such taking and brings his action for its value, that he has twenty-one years in which he may bring such action, unless it appears that he had elected to pursue this remedy to the exclusion of the one giv.en him by sections 6448 and 6449 more «than six years before bringing the suit for compensation, If he elects to do so, then he must bring such action within six years after such election. There was no allegation in any ■pleading in this case, or any evidence tending to show such election by these plaintiffs, until the bringing of this action.
As to the second question it seems entirely clear to us that any action to obtain redress for the unauthorized taking of property as in this case, must be prosecuted by the owner at the time of the bringing of the suit. It would certainly be so in an action to recover the possession of the property, if the owner was entitled to such remedy- — that is, if the entry as to the owner was wrongful, And so of the action which is given to tha owner by sections 6448 and 6449, Revised Statutes, to compel the railroad company to proceed to condemn the property. And the same reasons •exist why the action for compensation should also be brought by the person who at the time it is commenced, •owns the land. But when a person, the owner of land, which, without his consent, is occupied by a railroad company, sells or transfers his title thereto to another person, his right to any of those remedies is gone, and the owner •of the land, his grantee, is the person who is entitled to bring the action,
Counsel for the defendants in error argue that the conttrary doctrine is explicitly held by the circuit court of Lake *593 county, in the case of Hatry v. Railroad Company, 1 Circuit Court Rep.,426, which case was affirmed by the supreme court in 23 Law Bulletin, 281, without report, and such seems to be the case. But it seems clear from subsequent decisions of the supreme court, that it was not intended by such affirmance, to sanction the doctrine contended for by the defendants in error here, It was first questioned in the case of Railroad Company v. Perkins, 49 Ohio St., 333, in the opinion of Judge Minshall, who announced the decision of the court, where he substantially states the rule that such actions must be brought in the name of the present owner. And in the case of Fries v. Railroad, 56 Ohio St., 135, it is expressly stated by Judge Spear who spoke for the court, that “there is no ground whatever for the belief that the paragraphs of the syllabus referred to, were affirmed by the court’’. Those paragraphs of the syllabus he says were six, seven and eight, and paragraph eight is the one which states the doctrine for which the defendants in error contend. It is manifest we think from the opinion of the court, that the action can only be brought by the present owner of the land.
Hollister & Decamp, for Plaintiff in,'Error.
H. L. Niehols, for Defendants in Error.
The court of common pleas having a different view of the law on this point, in the various rulings to which we have referred, viz,, upon the demurrer to the petition and answer, and in its rulings on evidence, and the overruling of •the motion for a new trial based on the ground that the verdict was against the evidence, the judgment will be reversed, with costs,and the case remanded to that court to be further proceeded in, according to law.